UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK JORDAN,<br>　　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br>　　　Defendants. | Civil Action No. 20-01478 (CKK) |

### ORDER

Defendants, Federal Bureau of Prisons' ("BOP") and the BOP Director, have filed a Motion Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), ECF No. 12, with a Memorandum in Support ("MTD Mem"), ECF No. 12-1. Defendants have also filed a Motion for Relief from D.C. Local Civil Rule 7(n)(1) ("Rel. Mot."), ECF No. 13. The Court will deny the Motion for Relief for reasons explained below.

Local Civil Rule 7(n)(1) specifically requires that "[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." D.C. LCvR 7(n)(1).

Defendants request that the Court waive their requirement to file the administrative record contemporaneous to the filing of their Motion to Dismiss. Rel. Mot. at 1–2. They instead seek to toll the Rule 7(n)(1) deadline to 60 days subsequent to the filing of an answer to the Complaint, should an answer be necessary after the Court rules on the Motion to Dismiss. *Id*. at 1.

As a way of background, the Complaint: (1) presents a challenge to BOP's statutory authority to impose monetary fines – instead of loss of good time credits – against prisoners for

1

disciplinary rule violations, Compl. at 6–7; (2) contends that the disciplinary "fine scale formula contained in Program Statement 5270.09" should have been issued pursuant to notice-and-comment rulemaking, *id.* at 7, and; (3) further contends that Program Statement 5270.09 is arbitrary and capricious, *id.*

In their Motion for Relief, Defendants argue that their bases for dismissal are "purely legal[,]" and therefore the administrative record is unnecessary to resolve them. Rel. Mot. at 2. The Motion to Dismiss is comprised of the following arguments: (1) BOP has broad authority to establish a system of discipline, MTD Mem. at 8–9; (2) the fine scale formula, more specifically, the upper monetary limits on disciplinary fines – or financial caps – constitute statements of agency policy, as well as agency procedures and practices, which are not subject to notice-and-comment requirements, *id.* at 11–13; (3) the financial caps are eminently reasonable on their face, *id.* at 13, and; (4) Plaintiff lacks standing to challenge the financial caps, *id.* at 9–11, because he has allegedly "suffered no injury[,]" *id.* at 1. More specifically, Defendants contend that the financial caps were irrelevant to Plaintiff's "own disciplinary proceedings, wherein he was ordered to pay fines far below the caps, and the caps in any event would only have served to protect him from the possibility of higher fines." *id.* at 1.

The Court agrees that Plaintiff expressly disclaims his intentions to overturn his BOP disciplinary penalties, *see* Compl. ¶ 1, and that the administrative record is of little value to the Defendants' arguments pursuant to Rule 12(b)(6). Notwithstanding, Defendants' fourth argument, namely, Plaintiff's purported lack of standing, is predicated on facts in the administrative record. *See* MTD Mem. at 4–5, 9–11. Standing is certainly a "legal" issue, but more importantly, it is an issue of subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

When reviewing a challenge pursuant to Rule 12(b)(1), a court may, and often must, consider documents outside the pleadings to assure itself that it has jurisdiction. *See id.*

Here, in furtherance of their standing argument, Defendants ask the Court to examine facts relevant to Plaintiff's administrative proceedings and the resulting penalties. *See* MTD Mem. at 9–11. While the complaint presents Plaintiff's own account of some of these events and details, *see* Compl. ¶¶ 15–24, the Court needs – and is entitled to – the full administrative record, in order properly assess the issue of standing, *see Sierra Club v. EPA*, 292 F.3d 895, 900–01 (D.C. Cir. 2002) (holding that, in agency review litigation, the administrative record, and sometimes more, is necessary for the court "to be sure" of a plaintiff's standing).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Relief from D.C. Local Civil Rule 7(n)(1), ECF No. 13, is **DENIED**, and it is further

**ORDERED** that Defendants shall supplement their Motion to Dismiss, by filing the full administrative record in this matter as required by D.C. Local Civil Rule 7(n)(1), **by February 19, 2021**.

**SO ORDERED.**

DATE: December 23, 2020              _____s/s _____
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge